UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph LADD, Defendant-Appellant.

No. 74–3757.

United States Court of Appeals,
Fifth Circuit.

March 5, 1976.

A. J. McNamara, Metairie, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Thomas E. Rickhoff, Sp. Atty., Dept. of Justice, New Orleans, La., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Henry E. Petersen was the Deputy Assistant Attorney General for the Criminal Division of the Department of Justice when the Assistant Attorney General in charge of the Criminal Division resigned on October 15, 1971. Petersen was appointed Assistant Attorney General in charge of the Criminal Division in a recess appointment on January 11, 1972. His nomination was submitted to the Senate on January 21, 1972, and his nomination was confirmed on February 3, 1972. He took the oath of office on February 14, 1972.

On November 24, 1971, an attorney of the Justice Department made application

to the United States District Court for the Eastern District of Louisiana for an order authorizing the interception of wire communications. The application recited, in part, as follows:

"Pursuant to the powers conferred on him by Section 2516 of Title 18, United States Code, the Attorney General of the United States, the Honorable John N. Mitchell, has specially designated in this proceeding the Acting Assistant Attorney General for the Criminal Division, the Honorable Henry E. Petersen, to authorize affiant to make this application for an order authorizing the interception of wire communications."

The Court entered the wiretap order, which stated that the application had been:

". . . authorized by the Acting Assistant Attorney General for the Criminal Division of the United States Department of Justice, the Honorable Henry E. Petersen, who has been specially designated in this proceeding by the Attorney General of the United States, the Honorable John N. Mitchell, to exercise the powers conferred on the Attorney General by Section 2516 of Title 18, United States Code . . . ."

More than 5,000 telephone conversations were intercepted pursuant to the wiretap order. As a result a two-count indictment was returned on April 14, 1972, against the appellant and others. The first count charged appellant Ladd and fifteen others with violation of 18 U.S.C.A. §§ 1955 & 2. Ladd was not charged in the second count.

The defendants filed motions to suppress the evidence derived from the wiretaps. Former Attorney General John Mitchell submitted an affidavit stating that he had in fact approved the application for the wiretap order. The motions were denied.

Ladd's case was tried to a jury. During the trial an FBI agent identified Ladd as one of the parties to some of the intercepted conversations. When asked to explain the basis for this identification the agent replied:

"Well, I talked to Mr. Ladd in person on a number of occasions, and then I listened to the tape recordings, and by comparing these two, plus the fact that he was in the location where the telephone number was called to at Nick Lala's Bar, coupled with the fact that he, in fact, identified himself as 'Joe,' and 'Little Joe,' using the 'Little' as a prefix to that, all these culminated together with my bases of identifying and knowing that this man was, in fact, talking to Mr. Anthony J. Alfonso at the recording center."

The jury returned a guilty verdict. Ladd was given a sentence of three years with the sentence suspended and placed on supervised probation for three years and fined $500. He appealed.

Ladd argues that the wiretap application and order are insufficient on their face because an acting Assistant Attorney General is not one who may be specially designated to authorize wiretap applications under 18 U.S.C.A. § 2516(1). This statute provides as follows:

"(1) The Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction for . . . an order authorizing or approving the interception of wire or oral communications . . . ."

Even if an acting Assistant Attorney General may be designated to authorize wiretap applications, argues Ladd, Petersen was not a bona fide acting Assistant Attorney General because his authority had lapsed pursuant to the Vacancies Act, 5 U.S.C.A. § 3348.

■ Ladd does not dispute the government's assertion that the Attorney General actually approved the wiretap application. He contends that the failure to reflect accurately the authorizing official rendered the application and order invalid. The question has been recently resolved by this Court. The district court did not err in refusing to suppress the

evidence. *United States v. Joseph*, 5th Cir. 1975, 519 F.2d 1068.

██ Ladd also contends that the court erred in allowing the FBI agent to testify that one of the means he used to identify the taped voice was by comparing the voice on the tapes with the voice of Ladd in face-to-face conversations. According to Ladd, this testimony was inadmissible opinion evidence, the effect of which was to invade the province of the jury and to deny him a fair trial. However, voice identification testimony is not inadmissible opinion evidence when the witness has demonstrated a basis for the identification, such as familiarity with the accused's voice.

"Testimony by a witness that he recognized the accused by his voice is admissible, provided that the witness has some basis for comparison of the accused's voice with the voice which he has identified as that of the accused. * * *

Ordinarily, testimony identifying the accused by recognition of his voice is regarded as direct evidence. However, there is authority to the effect that such testimony constitutes opinion evidence which is not admissible unless the witness has a basis for his opinion, either by having acquired a familiarity with the accused's voice, or by virtue of the accused's voice having some peculiarity or characteristic making it easily recognizable." 1 Wharton's Criminal Evidence, 13th Ed. 373–376.

The contentions of the appellant are without merit. The judgment and sentence of the district court is affirmed.